Opinion issued December
31, 2010

 



 

 

 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-07-01119-CR

____________

 








PHILLIP ALEX REAZER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

On Appeal from the 263rd District Court

Harris County, Texas

Trial Court Cause No. 1108798

 

 



MEMORANDUM OPINION








          Appellant,
Phillip Alex Reazer, pleaded guilty, without an agreed recommendation, to the
felony offense of aggravated assault of a family member.  The trial court assessed punishment at five
years’ deferred adjudication community supervision.  Subsequently, the State moved for an adjudication
of appellant’s guilt on the grounds that appellant had violated the conditions
of his community supervision.  At a
hearing on the motion, appellant pleaded true to the allegation that he failed
to provide written verification of employment and that he failed to perform
community service as ordered.  The trial
court found the allegations true, adjudged appellant guilty of the original
charge, and assessed punishment at confinement for ten years and a $500
fine.  The trial court entered an
affirmative finding on the use or exhibition of a deadly weapon, namely, a lug
wrench.  The trial court certified that
this is not a plea bargain case and that appellant has the right of
appeal.  Appellant timely filed a notice
of appeal. 

Appellant’s court-appointed appellate
counsel has filed a motion to withdraw, along with an Anders brief stating that the record presents no reversible error
and that therefore the appeal is frivolous.  See
Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).  We affirm the trial court’s judgment and
grant counsel’s motion to withdraw. 

An attorney has an ethical obligation
to refuse to prosecute a frivolous appeal.  In re
Schulman, 252 S.W.3d 403, 407 (Tex.
Crim. App. 2008). If an appointed attorney finds a case to be wholly frivolous,
her obligation to her client is to seek leave to withdraw.  Id.
at 407.  Counsel’s obligation to the
appellate court is to assure it, through an Anders
brief, that, after a complete review of the record, the request to withdraw is
well-founded. Id.

We may not grant the motion to
withdraw until:

(1)     the
attorney has sent a copy of her Anders
brief to her client, along with a letter explaining that the defendant has the
right to file a pro se brief within 30 days, and she has ensured that her
client has, at some point, been informed of his right to file a pro se petition
for discretionary review; 

(2)     the
attorney has informed us that she has performed the above duties; 

(3)     the
defendant has had time in which to file a pro se response; and

(4)     we
have reviewed the record, the Anders brief,
and any pro se brief.

 

See id. at
408–09. 
If we agree that the appeal is wholly frivolous, we will grant the
attorney’s motion to withdraw and affirm the trial court’s judgment.  See
Garner v. State, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009).  If
we conclude that arguable grounds for appeal exist, we will grant the motion to
withdraw, abate the case, and remand it to the trial court to appoint new
counsel to file a brief on the merits.  See Bledsoe v. State, 178 S.W.3d 824,
826–27 (Tex. Crim. App. 2005).  

          Counsel’s
brief meets the Anders requirements
by presenting a professional evaluation of the record.  See
Anders, 386 U.S. at 744, 87 S. Ct. at 1400; see also High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978).
Counsel discusses the evidence, supplies us with references to the record, and
provides us with citation to legal authorities.  Counsel indicates that she has thoroughly
reviewed the record and that she is unable to advance any grounds of error that
warrant reversal.  See Anders, 386 U.S. at 744, 87 S. Ct. at 1400; Mitchell v. State, 193 S.W.3d 153, 154
(Tex. App.—Houston [1st Dist.] 2006, no pet.). 


          Appellant
filed a pro se response, arguing that (1) he has been denied access to an
adequate law library, (2) in general, the facts presented during sentencing regarding
his fees and fine were “misrepresented,” (3) he wishes to bring to the court’s
attention “a fact not mentioned in or before [his] sentencing,” and (4) a
“proper investigation” into the “mental state of the alleged victim” would have
revealed that the complainant has a history of “jealousy and mental
instability” that motivated the charge being made against appellant.  

We have independently reviewed the
entire record, and we conclude that no reversible error exists, that there are
no arguable grounds for review, and that therefore the appeal is frivolous.  See Schulman,
252 S.W.3d at 407 n.12 (explaining that appeal is frivolous when it does not
present any argument that could “conceivably persuade the court”); Bledsoe, 178 S.W.3d at 826–27 (emphasizing
that reviewing court—and not counsel—determines, after full examination of
proceedings, whether appeal is wholly frivolous).  Although we may issue an opinion explaining
why the appeal lacks arguable merit, we are not required to do so. See Garner, 300 S.W.3d at 767.  An appellant may challenge a holding that
there are no arguable grounds for appeal by filing a petition for discretionary
review in the Court of Criminal Appeals. See
Bledsoe, 178 S.W.3d 827 & n.6.

We grant counsel’s motion to withdraw[1]
and affirm the trial court’s judgment. Attorney Frances M. Northcutt must immediately
send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a
copy of that notice with the Clerk of this Court.  See
Tex. R. App. P. 6.5(c).  All other pending motions are denied.

PER CURIAM

 

Panel consists of Chief Justice Radack and Justices Massengale
and Brown.

 

Do not publish. 
Tex. R. App. P. 47.2(b).

 

 











[1]
              Appointed
counsel still has a duty to inform appellant of the result of this appeal and
that he may, on his own, pursue discretionary review in the Texas Court of
Criminal Appeals. See Bledsoe v. State,
178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).